T.C. Summary Opinion 2004-165


UNITED STATES TAX COURT


LOUISE COLEMAN, Petitioner, FRED L. NUBIN, Intervenor,
v. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2557-04S.                    Filed December 6, 2004.


Louise Coleman, pro se.

Fred L. Nubin, pro se.

Mindy S. Meigs, for respondent.


PAJAK, Special Trial Judge: This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent issued to petitioner a Final Notice determining that petitioner was not entitled to allocate the deficiencies for 1989 and 1990 under section 6015(c).  Petitioner timely filed her Petition, and then Fred L. Nubin (intervenor) filed a Notice Of Intervention.  After a concession by respondent that petitioner is entitled to relief from joint and several liability under section 6015(c), this Court must decide whether respondent erred in granting relief to petitioner under section 6015(c).

Most of the facts in this case have been stipulated and are so found.  Petitioner resided in Los Angeles, California, at the time she filed her petition.  Intervenor resided in Thomaston, Georgia, at the time of the filing of the Notice of Intervention.

On March 19, 1976, petitioner and intervenor were married. Petitioner was 34 years old, and intervenor was 50 years old at the time of their marriage.  In 1978, a daughter was born to petitioner and intervenor.

Intervenor started the business activity, Fred Nubin Building Maintenance, prior to the marriage.  The business provided janitorial services.  During their marriage, intervenor operated the business.

During the 1989 and 1990 taxable years in issue, petitioner and intervenor were married and living together.  During 1989 and 1990, petitioner was not employed on a full-time basis. Petitioner and intervenor's divorce was made final on March 3,

1995.

Petitioner and intervenor jointly filed U.S. Individual Income Tax Returns, Forms 1040, for 1989 and 1990.

Attached to the 1989 joint tax return is a Schedule C, Profit or Loss From Business. The Schedule C lists the name of the proprietor as Fred L. Nubin and the name of the business as Fred Nubin Building Maintenance. Attached to the 1989 joint tax return is a Schedule SE, Social Security Self-Employment Tax. This Schedule SE lists the name of the person with self-employment income as Fred L. Nubin.

No notices of deficiencies were issued by respondent. On May 21, 1993, Steven A. Kovary, a representative of petitioner and intervenor, executed a consent to assessment and collection on behalf of both of them for 1989 and 1990. Petitioner and Intervenor stipulated that they do not dispute the assessed tax liabilities and additions to tax with respect to the 1989 and 1990 taxable years. A large part of the liabilities was attributable to omissions of $28,408 and $23,420 of gross receipts on the Schedules C attached to the 1989 and 1990 returns, respectively. Respondent also made some minor adjustments in both years.

Neither petitioner nor intervenor made any voluntary payments to the Commissioner with respect to their joint income tax liabilities for 1989 and 1990. Petitioner's income tax

refunds for the taxable years 2000, 2001, and 2002 were applied to the joint income tax liability owing for 1989.

On December 2, 2002, respondent received from petitioner a Form 8857, Request For Innocent Spouse Relief. On January 3, 2003, respondent received from intervenor a Form 12507, Innocent Spouse Statement. On December 5, 2003, respondent issued to petitioner a Final Notice denying her request for relief. This case is based on that Final Notice.

Section 6015 allows an individual to seek relief from joint and several liability on a joint return. Section 6015(c) allows proportionate tax relief through allocation of the deficiency between individuals who filed a joint return.

Respondent met with petitioner and intervenor. Based on that interview and documents provided, respondent concluded that petitioner is entitled to relief under section 6015(c) with respect to the 1989 and 1990 liabilities remaining unpaid.

When asked during trial whether intervenor was saying petitioner omitted the income from the returns, he responded: "No." Intervenor admitted that petitioner's only relationship to the tax returns in question was that she signed the returns. The record shows that the business was intervenor's. He was the one who initially started the business, and he was the one who carried on the business. Intervenor was the one who reported self-employment tax. Petitioner testified that intervenor always

brought completed returns home for her to sign.  Because petitioner did nothing other than sign completed returns, it is obvious that intervenor is the one who omitted substantial amounts of income when he prepared the returns.  There was no evidence that petitioner had actual knowledge of the omitted income.  Sec. 6015(c)(3)(C).  The record contains no reasons or facts which showed error in respondent's concession.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be
entered for petitioner</u>.